Madeline Joyce **JENKINS,** Respondent,

v.

Earl G. **JENKINS,** Appellant.

No. KCD 30187.

Missouri Court of Appeals,
Western District.

April 2, 1979.

Rehearing Denied May 1, 1979.

Stipp & Thomas, Christian F. Stipp, David Thomas, Carrollton, for appellant.

Jack D. Lukehart, Brunswick, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

PER CURIAM.

This is an appeal taken by the husband from a decree entered in a dissolution of marriage proceeding. It stems from the husband's denial under oath that the marriage was irretrievably broken.

A single point is relied upon by the husband on appeal. He takes the position that the evidence was too deficient to permit the court, within the perimeter of Section 452.-320.2, RSMo Supp.1977,[1] to find that the marriage was irretrievably broken. A unanimity of opinion exists between the parties that neither adultery, abandonment, nor any of the requisite statutory periods of separation, consensually or otherwise, are supported by the evidence. Thus, subparagraph (b) of Section 452.320.2(1), supra, takes on major significance: "That the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with the respondent;". One of several findings of fact reached by the trial court was that the husband had behaved in such a way that the wife could not reasonably be expected to live with him, and on that basis the trial court ultimately concluded and adjudged that the marriage was irretrievably broken. Uncontradicted evidence of the husband's proclivity for strong drink over a protracted period of time culminating in the couple's separation, throughout all of which the wife suffered in silence, amply justified the trial court in finding that the wife could not reasonably

be expected to continue to live with the husband, and, concomitantly, that the marriage was irretrievably broken.

Any inclination on the part of this court to disturb the judgment on appeal is effectively allayed by the command of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976), which tightly circumscribes the scope of appellate review in court tried cases.

Judgment affirmed in compliance with Rule 84.16(b).

1. "452.320 . . .

2. If one of the parties has denied under oath or affirmation that the marriage is irretrievably broken, the court shall consider all relevant factors, including the circumstances that gave rise to the filing of the petition and the prospect of reconciliation, and after hearing the evidence shall

(1) Make a finding whether or not the marriage is irretrievably broken, and in order for the court to find that the marriage is irretrievably broken, the petitioner shall satisfy the court of one or more of the following facts:

(a) That the respondent has committed adultery and the petitioner finds it intolerable to live with the respondent;

(b) That the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with the respondent;

(c) That the respondent has abandoned the petitioner for a continuous period of at least six months preceding the presentation of the petition;

(d) That the parties to the marriage have lived separate and apart by mutual consent for a continuous period of twelve months immediately preceding the filing of the petition;

(e) That the parties to the marriage have lived separate and apart for a continuous period of at least twenty-four months preceding the filing of the petition; . . . "